UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCIS R. GANNONE, JR.,

          Petitioner,

v.

STEPHEN D'ILIO, et al.

          Respondents.

Civil Action No. 14-6026 (MAS)

**MEMORANDUM AND ORDER**

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Francis R. Gannone, Jr., for relief under 28 U.S.C. § 2254. The Court has considered the Petition, the records of proceedings in this matter, and the Answer—Petitioner did not file a reply. Upon careful review, it appears that:

    1.    The Petition is time-barred by the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).

    2.    Respondents, in their Answer, did not address this timeliness issue.

    3.    Nevertheless, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The district court may raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed. *Day*, 547 U.S. at 209; *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time

barred." *Day*, 547 U.S. at 210 (internal quotations omitted). "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

  4. Based on the Court's review of the Petition and Answer, it appears that the Petition is statutorily time-barred. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

  5. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," however, "shall

2

not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, the "limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

6. Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449, at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

7. "The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from

3

the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

8. Here, Petitioner's judgment of conviction became final 90 days after the New Jersey Supreme Court denied his petition for certification on June 4, 2004, (Order, June 4, 2004, ECF No. 16-7), or September 2, 2004. Petitioner did not file his application for post-conviction relief ("PCR") until May 9, 2005. (Pet. for PCR, ECF No. 16-8 at 3.) As such, 249 days ran from his AEDPA one-year limitations period.

9. The PCR application was denied by the trial court on September 18, 2007. (Order Denying PCR, Sept. 18, 2007, ECF No. 16-16 at 34.) State rules required an appeal to be filed within 45 days after the denial order, or before November 2, 2007. *See* N.J. Ct. R. 2:4-1(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). Petitioner, however, did not file a notice of appeal until December 3, 2008. (Pet'r's Br. for First PCR Appeal 7, ECF No. 16-14.) Thus, another 397 days ran from his AEDPA one-year limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which [the petitioner's] nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation.").

10. The appellate court on appeal remanded the matter to the trial court for further proceedings, and the trial court again denied PCR on August 24, 2011. (Pet'r's Br. for Second PCR Appeal 8, ECF No. 16-23.) Petitioner had until October 8, 2011 to appeal that denial, but a notice of appeal was not filed until February 21, 2012, causing another 136 days to lapse from the AEDPA statute of limitations period.

11. Finally, the New Jersey Supreme Court denied Petitioner's petition for certification on the PCR denial on June 5, 2014. (Order, June 5, 2014, ECF No. 16-30.) The instant Petition was not filed until September 23, 2014, (Pet. 16, ECF No. 1), causing yet another 110 days to run

from the statute of limitations. In sum, a total of at least 892 days ran from Petitioner's one-year limitations period, making the Petition grossly untimely. Indeed, the various delays certainly appear to show that Petitioner did not exercise due diligence during his state PCR proceedings, a significant factor in why a judgment of conviction that became final in 2004 did not reach this Court on federal habeas until 2014, some ten years later.

12. Because the Court is raising *sua sponte* the issue of timeliness, the Court will give Petitioner a chance to argue for equitable tolling. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, as to why the delays detailed above should be excused and equitably tolled. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.

IT IS therefore on this 18th day of July, 2017,

**ORDERED** that Petitioner shall, within 45 days of the entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied as time-barred; *see Day*, 547 U.S. at 209 (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue);

**ORDERED** that Respondent shall have 14 days, after receipt of Petitioner's submission above, to respond; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5