**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCIS R. GANNONE, JR.,

    Petitioner,

v.

STEPHEN D'ILIO, et al.,

    Respondents.

Civil Action No. 14-6026 (MAS)

**MEMORANDUM OPINION**

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Francis R. Gannone, Jr., for relief under 28 U.S.C. § 2254. After reviewing the state court record submitted as part of Respondents' Answer, the Court sua sponte raised a timeliness issue regarding the Petition and issued a show-cause order, directing Petitioner to show cause as to why the Petition should not be denied as time-barred. (Order, July 18, 2017, ECF No. 17.) Presently before the Court is Petitioner's response. (Pet'r's Resp., ECF No. 18.)

Petitioner's response focuses primarily on two time periods during which the Court found the statute of limitations period ran. First is the 397-day delay between the deadline for Petitioner to appeal the denial of post-conviction relief ("PCR") by the trial court, on November 2, 2007, and the date he actually filed a notice of appeal, on December 3, 2008. (Order 4, July 18, 2017.) Petitioner contends that he filed his appeal within time, but concedes that he has no documentary proof of that appeal. (Pet'r's Resp. at 1.) Instead, he submits as evidence his filing of a second PCR application, which was rejected by the state court. (*See* Pet'r's Resp. at 11.) In its rejection, the state court stated that "[y]our matter has been reviewed by our court and is being returned to

you *as your petition indicated* that you currently have this matter at the appellate division." (*Id.* (emphasis added).) Petitioner argues that this is proof he filed an earlier appeal.

The Court rejects this argument. It is clear from the state court's correspondence that it did not actually determine whether Petitioner, in fact, had an appeal pending, but it merely relied on Petitioner's assertions that were contained in the second PCR application. Although this is circumstantial evidence that Petitioner may have *believed* that he filed an appeal, this is not proof that Petitioner actually filed an appeal. Under federal law, only "properly filed" appeals are entitled to statutory tolling. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Given that Petitioner has provided no proof of this earlier appeal, there is no evidence that the appeal was actually filed, let alone properly filed. Instead, the actual date of appeal the Court relied on was from Petitioner's own assertion in his brief on appeal. (*See* Pet'r's Br. for First PCR Appeal 7, ECF No. 16-14.) Because Petitioner provides no evidence to rebut his *own* assertion on appeal, the Court finds that he is not entitled to statutory tolling for the 397-day delay.

Because the 397-day delay alone would make the Petition untimely, the Court need not address Petitioner's second argument regarding the 136-day delay during his second appeal,[1] which he essentially blames on his attorney. Again, the Court's determination of the actual date of that appeal was also based on Petitioner's own assertion. (*See* Pet'r's Br. for Second PCR Appeal 8, ECF No. 16-23.) Even if it was his attorney's fault for filing a late appeal, "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)). Indeed, the Third Circuit has held that the ability of a

---

[1] The Appellate Court remanded to the trial court on the first appeal, and the trial court again denied PCR, leading to the second appeal. (Order 4, July 18, 2017.)

2

petitioner to file a *pro se* appeal, notwithstanding his attorney's failure to file, is ground for denying equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (finding that equitable tolling was not warranted because the petitioner could have filed a *pro se* notice of appeal in state court to toll his federal habeas statute of limitations).

Because the Court raised the timeliness issue *sua sponte*, the Court must now analyze whether denial on the statute of limitations ground would unduly prejudice Petitioner. *Day v. McDonough*, 547 U.S. 198, 210 (2006); *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). In determining what constitutes prejudice, courts should consider whether the defense would "(i) require the [aggrieved party] to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [aggrieved party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, there is no prejudice to Petitioner in denying his Petition as time-barred. No discovery has occurred in this case, and no discovery request has been filed with the Court. Indeed, ordinarily, discovery is not allowed in § 2254 cases unless the Court finds good cause to authorize it. *See* Rule 6, Rules Governing Section 2254 Cases; *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011). The delay in raising the statute of limitations issue also does not affect Petitioner's rights in any other case, as this Court is the only court with jurisdiction to adjudicate Petitioner's habeas claims. There is also no showing that Petitioner's ability to defend his case was impaired; Petitioner was given an opportunity to respond to the timeliness argument, and he filed a response. Accordingly, for the reasons stated in the Court's July 18, 2017 Order and the instant Opinion, the Petition is denied as time-barred.

Lastly, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 3/13/18